# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 5681 | **DATE** | 12/16/2004 |
| **CASE TITLE** | INTERMED ASSOCIATES, INC. vs. RAFAEL MALDONADO, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiff's motion for summary judgment is granted in part. Defendants are liable for All Imaging's breach of contract prior to March 2004 in the amount of $90,780.00.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | number of notices | | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | DEC 1 7 2004 | date docketed | 14 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| LG | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED

DEC 1 7 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| INTERMED ASSOCIATES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04 C 5681 |
| | ) | |
| RAFAEL MALDONADO and ALL | ) | |
| IMAGING DIAGNOSTIC CENTER, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Intermed Associates, Inc. (Intermed) brought this action against defendants

Rafael Maldonado and All Imaging Diagnostic Center, Inc. (All Imaging). Plaintiff's two-

count complaint alleges claims for breach of contract and declaratory and injunctive relief.

Plaintiff now brings a motion for summary judgment. The motion is granted in part and

denied in part.

## BACKGROUND

Neither party filed a statement of uncontested material facts as required by Local Rule

56.1.[1] Nonetheless, plaintiff's motion for summary judgment and defendant's memorandum

---

[1] LR56.1. Motions for Summary Judgment
(a) Moving Party. With each motion for summary judgment filed pursuant to Fed.R.Civ.P. 56 the
moving party shall serve and file –
    (1) any affidavits and other materials referred to in Fed.R.Civ.P. 56(e);
    (2) a supporting memorandum of law; and
    (3) a statement of material facts as to which the moving party contends there is no
    genuine issue and that entitle the moving party to a judgment as a matter of
    law, and that also includes:
        (A) a description of the parties, and
        (B) all facts supporting venue and jurisdiction in this Court.
The statement referred to in (3) shall consist of short numbered paragraphs, including within each
paragraph specific references to the affidavits, parts of the record and other supporting materials
relied upon to support the facts set forth in that paragraph. Failure to submit such a statement
constitutes grounds for denial of the motion.

in opposition to the motion assert their version of the facts. The parties have also attached the relevant contract and various affidavits. From these filings we have culled the following undisputed facts. In April 2002, All Imaging, a medical diagnostic clinic in Puerto Rico, entered into a contract to lease a Magnetic Resonance Imaging (MRI) scanner and related equipment from Intermed, an Illinois corporation. Maldonado, All Imaging's president, entered into the contract with Intermed as a guarantor of his company's obligations. The parties agreed that the contract would be governed by Illinois law.

Under the terms of the contract, All Imaging agreed to pay Intermed $115 for each use of the MRI scanner, with a minimum monthly payment of $22,500. Intermed was responsible for the cost of service and preventive maintenance of the scanner, which was to be performed by Philips Medical Systems. The contract was scheduled to terminate sixty months after All Imaging began using the equipment.

All Imaging's financial difficulties first became apparent in February 2003, when it failed to make its monthly payment to Intermed. It failed to make the $22,500 payment in March, April, May and June as well, creating a $112,500 debt to Intermed. On July 1, 2003, the parties signed a Statement of Commitment, which established a schedule for All Imaging's

---

. . . .

(b) Opposing Party. Each party opposing a motion filed pursuant to Fed.R.Civ.P. 56 shall serve and file –

. . . .

(3) a concise response to the movant's statement that shall contain:
(A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific referenced to the affidavits, parts of the record, and other supporting materials relied upon, and
(B) a statement, consisting of short numbered paragraphs, oof any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon. All materials facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.

payment of the debt – eleven installments, ending in April 2004. A provision in the statement reserved the right of Intermed to charge a 2% late fee for any overdue payment. That same day, the parties also amended their contract. They agreed to extend the contract for another year; to reduce All Imagining's monthly charge for July 2003 through December 2003 from $22,500 to $11,500; and to allow Intermed the right to charge a 2% per month late charge on overdue payments.

All Imagining began to miss payments again in October 2003. As of December 13, 2004, the last monthly bill defendant paid was for November 2003. All Imaging also failed to maintain the payment schedule for its debt from earlier missed payments. Though it had made its first seven payments under the Statement of Commitment, it had not paid the last four, leaving $33,150 unpaid.

## DISCUSSION

The function of the court in ruling on a motion for summary judgment is to determine if there is a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If the evidence on file shows that no such issue exists and the moving party is entitled to judgment as a matter of law we will grant the motion. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Bennett v. Roberts, 295 F.3d 687, 694 (7th Cir. 2002). A "metaphysical doubt as to the material facts" is not enough to create a genuine issue of fact for trial, Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585 (1986); the evidence must allow for a reasonable trier of fact to find for the non-movant. Buscaglia v. United States, 25 F.3d 530, 534 (7th Cir. 1994). When reviewing a motion for summary judgment we draw all inferences in the light most favorable to the non-movant. DeValk Lincoln Mercury, Inc. v. Ford Motor Co., 811 F.2d 326, 329 (7th Cir. 1987).

To prove breach of contract under Illinois law, plaintiff must establish "1) a valid and enforceable contract; 2) performance of contractual duties by plaintiff; 3) breach of contractual duties by defendant; and 4) resulting damages to plaintiff." Dahlin v. Jenner & Block, L.L.C., 2001 WL 855419 at *9 (N.D.Ill. 2001)(citing Hickox v. Bell, 195 Ill.App.3d 976, 992, 552 N.E.2d 1133, 1143 (5th Dist. 1990)). Defendants do not contest that a valid contract established their obligation to make monthly payments for the MRI scanner and that they failed to do so beginning in February 2003. Nor does Maldonado contest that on July 1, 2003, he signed a Statement of Commitment on behalf of All Imaging, promising to pay the overdue sum in full by April 30, 2004. It is undisputed that $33,150 remains unpaid.

The only issue of material fact that defendants raise concerns plaintiff's performance of its contractual duties. Defendants contend that beginning in March 2004, the MRI scanner was in constant disrepair, prohibiting them from using it. Affidavits from two All Imaging employees certify the authenticity of an attached repair record that documents repeated problems with the MRI's head coil. Defendants maintain that plaintiff failed to meet its contractual responsibility for the repair and maintenance of the machine, resulting in All Imaging's loss of revenue while the machine lay dormant. They also contend that much of the delay in repairing the scanner resulted from plaintiff's unilateral decision to replace Philips Medical Systems, the original service company identified in the contract, with a different company. While this raises a question of fact regarding defendants' breach after February 2004, it has no relevance as to plaintiff's claim for breach from February 2003 through February 2004. As there is no question of material fact and plaintiff has established its entitlement to the unpaid fees for these months, we grant partial summary judgment for

plaintiff on its breach of contract claim against both defendants in the amount of $90,780.[2]

Defendants try to create an issue of fact regarding plaintiff's 2% late charge as well. They acknowledge the contract amendment and the Statement of Commitment, but assert that they "never agreed to a 2% additional charge on the total accrued balance outstanding." They cite no evidence in support of this assertion. Both the contract amendment and the Statement of Commitment, which Maldonado signed, clearly contradict defendants' assertion. The amendment provides: "Intermed reserves the right to charge a 2% per month late charge on any payment that is overdue." Likewise, the Statement of Commitment states that Intermed may charge a 2% late fee for any payment that is not received in accord with the statement's schedule. After July 1, 2003, plaintiff levied the 2% fee in accord with these documents.

Given the remaining issues to be resolved, we set aside, for now, plaintiff's request for attorneys' fees and costs.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is granted in part. Defendants are liable for All Imaging's breach of contract prior to March 2004 in the amount of $90,780.

_James B. Moran_
JAMES B. MORAN
Senior Judge, U. S. District Court

_Dec. 16_, 2004.

---

[2] This sum represents $33,150 that plaintiff owes for overdue payments accrued before July 1, 2003, and $57,630 that plaintiff owes for missed payments in December 2003, and January and February 2004. The total also includes a 2% late fee.